# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| REPAIRIFY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-CV984J-34 JRK |
| AIRPRO DIAGNOSTICS, LLC and CHARLES OLSEN, | ) |
| Defendants. | ) |

## REPAIRIFY'S ANSWER AND
## AFFIRMATIVE DEFENSES TO AIRPRO'S COUNTERCLAIM

Plaintiff, Repairify, Inc., answers defendant AirPro Diagnostics, LLC's counterclaim as follows:

> Paragraph No. 1 of the Counterclaim: AirPro Diagnostics, LLC ("AirPro Diagnostics") is a Florida Limited Liability company having its principal place of business in Duval County, Florida.

Answer: Admitted.

> Paragraph No. 2 of the Counterclaim: Repairify, Inc., which does business as Collision Diagnostic Services ("CDS") (Repairify, Inc., and CDS are hereinafter collectively referred to as "Repairify/CDS") is a Delaware corporation having its principal place of business in Plano, Texas. Repairify/CDS also has an office located in Duval County, Florida, and regularly conducts business out of said office within the State of Florida.

Answer: Admitted.

Paragraph No. 3 of the Counterclaim: This is an action for: (i) false and misleading advertising under the Lanham Act (15 U.S.C. §1125); and (ii) violation of Florida's Unfair and Deceptive Trade Practices Act (§501.201, et. Seq., Fla. Stat.).

Answer: Repairify denies the allegations of this paragraph to the extent they imply that any of AirPro's causes of action have any merit. Repairify admits that AirPro purportedly brings causes of action for (i) false and misleading advertising under the Lanham Act (15 U.S.C. §1125); and (ii) violation of Florida's Unfair and Deceptive Trade Practices Act (§501.201, et. Seq., Fla. Stat.).

Paragraph No. 4 of the Counterclaim: This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. §1121, and 28 U.S.C. § 1331 and 1367. The Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Answer: Admitted.

Paragraph No. 5 of the Counterclaim: The Court has personal jurisdiction over Repairify/CDS at least because Repairify/CDS has committed acts in the State of Florida giving rise to the claims asserted herein; Repairify/CDS has an office in Duval County, Florida; and Repairify/CDS performs business within the State of Florida.

Answer: Repairify admits that the Court has personal jurisdiction over Repairify and denies the other allegations of this paragraph.

> Paragraph No. 6 of the Counterclaim: Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to AirPro Diagnostic's claims occurred in this District.

Answer: Repairify admits that venue is proper in this District and denies the other allegations of this paragraph.

> Paragraph No. 7 of the Counterclaim: AirPro Diagnostics is in the business of performing remote scanning of computer modules in automobiles and other vehicles.

Answer: Admitted.

> Paragraph No. 8 of the Counterclaim: AirPro Diagnostics markets and sells services via a product known as the "AirPro" (hereinafter the "AirPro Device").

Answer: Admitted.

> Paragraph No. 9 of the Counterclaim: The AirPro Device is a scan tool with original equipment manufacturer ("OEM") validated interfaces connected directly to the vehicle. AirPro scan tool software packages (both aftermarket and OEM) are remotely loaded in the AirPro Device as needed at the vehicle. The AirPro Device uses multiple software packages appropriate for the job at hand. OEM software is used for module programming or when needed, directly connected to the vehicle and operated remotely by Certified technicians. AirPro also uses third-party high level scan tool software that meets the functional levels of what is available from the OEMs in most cases. When OEM scan tool software is needed for procedures not covered by the third-party software, AirPro Diagnostics downloads the appropriate OEM software directly from the OEM service sites.

Answer: Denied.

>Paragraph No. 10 of the Counterclaim: Repairify/CDS is also in the business of remote scanning of computer modules in automobiles and other vehicles.

Answer: Admitted.

>Paragraph No. 11 of the Counterclaim: Repairify/CDS markets and sells different products that can be connected to a scan tool or a vehicle for internet protocol conversion, to wit: 1) the AsTech; and 2) the AsTech II (When referred to collectively the AsTech and the AsTech2will be identified as the "AsTech Product").

Answer: Repairify denies that it markets or sells AsTech. Repairify denies the other allegations of this paragraph as pled.

>Paragraph No. 12 of the Counterclaim: Repairify/CDS markets the AsTech Product as being a product, which includes services that provide up-to-date remote scanning and programming through the use of OEM factory scan tools.

Answer: Repairify denies that it markets or sells AsTech. Repairify admits the other allegations of this paragraph.

>Paragraph No. 13 of the Counterclaim: The AsTech Product is not a scan tool; rather, it is an interface to convert vehicle communication protocols to internet protocol (Interpreter). The Astech Product can be configured to connect to a scan tool or a vehicle for internet protocol conversion. Two Astechs are required for a remote connection to a vehicle with a scan tool. The scan tool is in a location other than at

> the vehicle (e.g., Jacksonville, Florida, or Plano, Texas, offices). Scan tool functions are reduced to the ability of the Astech Product to convert, transmit, and reconvert the data within the scan tools parameters. The Astech Product also limits scan tool functionality to only the protocols developed for conversion (e.g., CAN data and 9141 protocols only). Upon information and belief, the J1850 vehicle communication protocol is not currently nor has been functioning on the AsTech therefore limits the scan tool coverage.

Answer: Denied.

> Paragraph No. 14 of the Counterclaim: As for OEM scan tools, Repairify/CDS uses OEM scan tools connected to another Astech Product that is paired by a server to another Astech Product at a vehicle. Repairify/CDS also uses aftermarket scan tools in the same manner.

Answer: Repairify admits the allegations of the first sentence. Repairify denies the other allegations of this paragraph as pled.

> Paragraph No. 15 of the Counterclaim: On the other hand, AirPro uses OEM validated and approved j2534-1 and j2534-2 compliant interfaces and software packages as needed.

Answer: Repairify denies the allegation "On the other hand." Repairify is without knowledge of the other allegations of this paragraph.

> Paragraph No. 16 of the Counterclaim: Scan tools can generally be classified into two categories, to wit: OEM scan tools; and aftermarket scan tools. An OEM scan tool is specific and limited to the particular manufacturer's line of vehicles (e.g., Ford IDS, GM GDS2, Toyota Techstream, etc.). An OEM scan tool

5

covers all functions available as designed by OEM car manufacturers to meet warranty repair guidelines set by the OEM. On the other hand, the capabilities and functions of aftermarket scan tools vary widely depending on the tool. An aftermarket scan tool covers multiple lines of vehicles. Some aftermarket scan tools are limited to "Asian, Domestic or European vehicles". Interestingly, the highest level aftermarket scan tools can sometimes exceed the capabilities of an OEM tool. Aftermarket scan tools are usually lacking full OEM capabilities or coverage for the current model year of production (2017 Model year coverage is pending or limited), depending on the tool. Most current scan tools (OEM and aftermarket) are computer programs that run on a PC, laptop or tablet operating system with a vehicle interface to connect to an automobile. Some of these are self-contained handheld units. Many OEM scan tools and aftermarket scan tools are developed and distributed by the same companies (e.g., Bosch, Helm, OTC, etc.). OEMs hire companies to build their scan tool interfaces and programs to their specifications.

Answer: Repairify denies the allegations of this paragraph as pled.

Paragraph No. 17 of the Counterclaim: AirPro Diagnostics differentiates itself in the marketplace because its AirPro Device is an actual scan tool which connects directly to the vehicle and utilizes both OEM and Aftermarket software, as engineered and intended by the scan tool manufacturers.

Answer: Without knowledge.

Paragraph No. 18 of the Counterclaim: While Repairify/CDS advertises that the AsTech Product can provide true OEM scan tool functionality, this is not true. The AsTech Product is not a scan tool directly connected to a vehicle and thus cannot provide true OEM scan tool functionality. Instead, the AsTech Product uses two interfaces and connects over the

internet. The only way to provide true OEM scan tool functionality is to use OEM scan tool software and OEM validated interfaces connected directly to a vehicle.

Answer:  Denied.

Paragraph No. 19 of the Counterclaim:  Repairify/CDS advertises that the AsTech Product uses OEM scan tools but omits critical information, namely, the limitations the AsTech Product places on the OEM scan tools.  The OEM scan tool functions are limited to less than designed when used with additional conversions and interfaces such as those of the AsTech Product. Upon information and belief, the specific limitations include, but are not limited to: Powertrain control module programming; certain occupant seat calibrations and other procedures requiring road test with a scan tool connected; and erroneous results from lost connections or tool/AsTech resets. Programming of certain airbag control modules, incomplete vehicle communication protocol development.

Answer:  Denied.

Paragraph No. 20 of the Counterclaim:  Repairify/CDS competes directly with AirPro Diagnostics throughout the United States and offers a competing product, to wit: the AsTech Product.

Answer:  Admitted.

Paragraph No. 21 of the Counterclaim:  Repairify/CDS has engaged in false advertising of the AsTech Product which is designed to mislead customers, or at least has the effects of misleading customers.  Examples of Repairify's false advertising include the following:

    a. Repairify/CDS has misled customers into believing that the AsTech Product hooks up to only

OEM scan tools. Specifically, a video of a panel discussion was published on YouTube on or around August 16, 2016, (https://www.youtube.com/watch?v=wimSOExMxNs&sns=em) where Mike Anderson (who upon information and belief was as that time a board member of Repairify, Inc.), specifically stated (beginning around 41 minutes and 45 seconds into the video) that the AsTech Product "hooks up to only OEM scan tools." Mr. Anderson asked Mr. Doug Kelly, the CEO of CDS (the d/b/a of Repairify, Inc.) whether that statement was correct and Mr. Kelly agreed and/or did not disavow that statement. As of September 9, 2016, this video has been viewed 19,977 times. This statement by Mr. Anderson and adopted/ratified by Mr. Kelly on behalf of Repairify/CDS is not a true statement because the AsTech Product uses both OEM scan tools and aftermarket scan tools connected to the AsTech Product.

b. Repairify/CDS has also misled customers into believing that the AsTech Product can perform true OEM tool functionality. Specifically, on the front-page of www.astech.com, Repairify/CDS states: "The asTech offers OEM scans that identify any and all existing issues within the vehicle." A true and correct copy of this statement is attached hereto as Exhibit "A". This statement is literally false and/or misleading because a consumer is led to believe that the AsTech Product provides true OEM scan tool functionality. True OEM scan tool functionality can only be obtained by using true OEM scan tool software and OEM validated interfaces.

c. Repairify/CDS also makes the following statement on its website: "When a vehicle is brought in for repair, it is impossible to determine the scope of repairs just by looking at the vehicle. It also can't be known if a problem is serious or minor until the vehicle is connected to an OEM Factory scan tool. A convenient, cost effective way of knowing what is wrong with the vehicle is to incorporate the use of the asTech™2 device which connects the vehicle, through

8

the OBD, to OEM Factory scan tools and the certified master technicians at CDS." (emphasis added). A true and correct copy of this statement is attached hereto as Exhibit "B". This statement is literally false and/or misleading because a consumer is lead to believe that the AsTech Product provides true OEM scan tool functionality. True OEM scan tool functionality can only be obtained by using true OEM scan tool software and OEM validated interfaces.

      d.    Repairify/CDS has also made false statements about its technicians. Specifically, in the May 2016 edition of PropertyCasualty360.com's Claims Magazine at page 25, a true and correct copy of which is attached hereto as Exhibit "C", Repairify/CDS is identified as having "Auto Service Excellence (ASE) and OEM-certified technicians on staff, the majority being master technicians". A link to this article is posted on Repairify/CDS's website athttp://astech.com/news/seethe-astech-device-featured-in-claims-magazine/. In order to qualify as a "master technician" a person must have all ASE certifications. However, upon information and belief, this is a literally false statement because in April 2016, Repairify/CDS did not have any ASE or OEM Master Certified Technicians on staff.

Answer: Denied.

Paragraph No. 22 of the Counterclaim: Repairify/CDS's statements are literally false, but at a minimum are misleading to consumers.

Answer: Denied.

Paragraph No. 23 of the Counterclaim: Additionally, before the AirPro Device came to the market, Repairify/CDS admitted that the AsTech Product used after-market scan tools. This was specifically advertised at page 25 of Exhibit "C", which states that the AsTech Product used "OEM factory level or

9

advanced A/M [(after-market)] scan tools to perform diagnostic scanning . . . ." See Exhibit "C".

Answer: Repairify denies the allegations of this paragraph because Exhibit C speaks for itself.

Paragraph No. 24 of the Counterclaim: However, after the AirPro Device was introduced to the market in or around June of 2016, Repairify/CDS changed its position and has advertised that the AsTech Product only uses OEM factory scan tools, as reflected in the YouTube video. Supra.

Answer: Denied.

Paragraph No. 25 of the Counterclaim: Upon information and belief, Repairify/CDS advertises that the AsTech Product only uses OEM factory scan tools in a deliberate attempt to persuade customers to purchase the AsTech Product and not the AirPro Device, and in a deliberate attempt to make potential customers believe that the AirPro Device is inferior to the AsTech Product because it does not use OEM factory scan tools.

Answer: Denied.

Paragraph No. 26 of the Counterclaim: Repairify/CDS, has taken deliberate actions to try to persuade potential customers not to purchase the AirPro Device. Upon information and belief, the instant action filed by Repairify/CDS was a deliberate attempt to try to prevent the presence of the AirPro device in the marketplace and an attempt to try to put AirPro Diagnostics out of business.

Answer: Denied.

Paragraph No. 27 of the Counterclaim: Upon information and belief, Repairify/CDS has also made false statements concerning AirPro Diagnostics and the AirPro Device. Other examples of Repairify/CDS's false statements include the following:

    a. Repairify/CDS has informed potential customers of AirPro Diagnostics that Repairify/CDS has filed the instant lawsuit against AirPro Diagnostics and will put AirPro Diagnostics out of business;

    b. Repairify/CDS has also informed potential customers of AirPro Diagnostics that the AirPro Device does not use OEM factory scan tools;

    c. Repairify/CDS has further informed potential customers of AirPro Diagnostics that the AirPro Device is different from the AsTech Product because the AirPro Device uses after-market scan tools. This statement clearly misleads customers into believing that the AsTech Product does not use after-market scan tools and therefore the AsTech Product is a superior product.

Answer: Denied.

Paragraph No. 28 of the Counterclaim: Repairify/CDS's statements and advertising are having a detrimental effect on AirPro Diagnostic's reputation in the collision repair market and industry and are directly impairing AirPro's sales and marketing of the AirPro Device.

Answer: Denied.

Paragraph No. 29 of the Counterclaim: AirPro Diagnostics conservatively estimates that it will be damaged in excess of $10,000,000.00 should Repairify/CDS be able to continue to mislead customers into choosing the AsTech Product instead of

the AirPro Device based upon Repairify/CDS's false advertising and false and misleading statements as identified above.

Answer: Denied.

Paragraph No. 30 of the Counterclaim: All conditions precedent to the bringing of this action have been performed, excused or waived.

Answer: Without knowledge.

COUNT I - FALSE ADVERTISING
IN VIOLATION OF 15 U.S.C. §§1125, et. Seq.

Paragraph No. 31 of the Counterclaim: AirPro Diagnostics repeats and realleges paragraphs 1 through 30, above as if fully set forth herein.

Answer: Repairify incorporates its answers to paragraphs 1 through 30, above.

Paragraph No. 32 of the Counterclaim: Repairify/CDS has made materially false advertising statements in interstate commerce, including false statements regarding the capabilities of the AsTech Product, and the capabilities of the AirPro Device, both of which are offered, sold, leased and/or used in interstate commerce.

Answer: Denied.

Paragraph No. 33 of the Counterclaim: Repairify/CDS's statements regarding the capabilities of the AsTech Product and the AirPro Device are literally false. To the extent not literally false, these statements are materially misleading to consumers.

12

Answer: Denied.

> Paragraph No. 34 of the Counterclaim: Repairify/CDS's statements are at a minimum misleading because the statements include false information and/or omit critical information regarding the capabilities of the AsTech Product and the AirPro Device.

Answer: Denied.

> Paragraph No. 35 of the Counterclaim: These false and/or misleading statements have the capacity to deceive, and on information and belief, have deceived, AirPro Diagnostic's customers and potential customers.

Answer: Denied.

> Paragraph No. 36 of the Counterclaim: Repairify/CDS's statements regarding the capabilities of the AsTech Product are material to customers' purchasing decisions, at least because the breadth of scanning and programming that can be performed by a scanning product is an important factor consumers rely on in making purchasing decisions.

Answer: Denied.

> Paragraph No. 37 of the Counterclaim: Repairify/CDS's false advertising has injured AirPro Diagnostics, and is likely to continue to harm AirPro Diagnostics at least through the loss of actual and potential customers for the AirPro Device, and through diminishing AirPro Diagnostic's reputation in the collision repair industry.

Answer: Denied.

> Paragraph No. 38 of the Counterclaim: As a direct and proximate result of Repairify/CDS's false advertising, AirPro Diagnostics has been substantially and irreparably harmed. Unless restrained by the Court, Repairify/CDS will cause further irreparable injury to AirPro Diagnostics. AirPro Diagnostics has no adequate remedy at law. AirPro Diagnostics has a substantial likelihood of success on the merits and is entitled to injunctive relief enjoining Repairify/CDS, its agents and employees, and all persons acting in concert or participation with it, from engaging in further false advertising and unfair trade practices. The injury to AirPro Diagnostics outweighs any possible harm to Repairify/CDS from entry of an injunction and the public interest to prevent false advertising will be served by entry of an injunction.

Answer: Denied.

> Paragraph No. 39 of the Counterclaim: AirPro Diagnostics is entitled to recover the damages Repairify/CDS's false advertising have caused AirPro Diagnostics, including attorneys' fees and costs it has sustained and will sustain, and any gains, profits and advantages obtained by Repairify/CDS as a result of its acts of false advertising as alleged above. At present, the amount of such damages, gains, profits, and advantages is conservatively estimated to be in excess of $10,000,000.00, but the exact amount of damages will be established according to proof at trial.

Answer: Denied.

# COUNT II – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Paragraph No. 40 of the Counterclaim: AirPro Diagnostics repeats and realleges paragraphs 1 through 30, above as if fully set forth herein.

Answer: Repairify incorporates its answers to paragraphs 1 through 30, above.

Paragraph No. 41 of the Counterclaim: Repairify/CDS has made materially false advertising statements in interstate commerce including in the State of Florida, regarding the capabilities of the AsTech Product and the AirPro Device, both of which are offered, sold, leased and/or used in interstate commerce. Repairify/CDS advertises and distributes the AsTech Product nationally through its website (http://astech.com/get-an-astech/) and has specifically solicited customers in at least the State of Florida.

Answer: Denied.

Paragraph No. 42 of the Counterclaim: The statements regarding the AsTech Product are false and misleading because the statements include false information and/or omit critical information regarding the capabilities of the AsTech Product and the AirPro Device.

Answer: Denied.

Paragraph No. 43 of the Counterclaim: Upon information and belief, Repairify/CDS knew or should have known that its statements regarding the capabilities of the AirPro Device and the AsTech Product were false. On information and belief, these misrepresentations were intentionally used to induce

15

consumers to rely on them and purchase the AsTech Product instead of the AirPro Device.

Answer:  Denied.

Paragraph No. 44 of the Counterclaim:  Repairify/CDS's false advertising has injured AirPro Diagnostics, and is likely to continue to harm AirPro Diagnostics at least through the loss of actual and/or potential customers for the AirPro Device.

Answer:  Denied.

Paragraph No. 45 of the Counterclaim:  As such, Repairify/CDS's willful, wanton and malicious false and misleading advertising statements violate standards of fairness and deception set forth in Florida Statutes, including at least Section 817.41, Florida Statutes.

Answer:  Denied.

Paragraph No. 46 of the Counterclaim:  Additionally, Repairify/CDS's false and misleading statements violate standards of fairness and deception set forth in the federal statutes, including at least the Lanham Act. As discussed above, the Repairify/CDS's advertising is false and misleading.  These statements have the capacity to deceive, and on information and belief have deceived customers of AirPro Diagnostics.

Answer:  Denied.

Paragraph No. 47 of the Counterclaim: Repairify/CDS's false statements are material to customers' purchasing decisions, at least because the breadth of scanning and programming that can be performed by a scanning product is an important factor consumers rely on in making purchasing decisions.

Answer: Denied.

Paragraph No. 48 of the Counterclaim: As a direct and proximate result of Repairify/CDS's violation of Section 501.204, Florida Statutes, AirPro Diagnostics has been substantially and irreparably harmed. Airpro Diagnostics is aggrieved by Repairify/CDS's unfair or deceptive acts or practices for the purposes of FDUTPA. Unless restrained by the Court, Repairify/CDS will cause further irreparable injury to AirPro Diagnostics. AirPro Diagnostics has no adequate remedy at law.

Answer: Denied.

Paragraph No. 49 of the Counterclaim: AirPro Diagnostics has a substantial likelihood of success on the merits and is entitled to injunctive relief enjoining Repairify/CDS, its agents and employees, and all persons acting in concert or participation with it, from engaging in further false advertising and deceptive and unfair trade practices. The injury to AirPro Diagnostics outweighs any possible harm to Repairify/CDS from entry of an injunction and the public interest to prevent false advertising will be served by entry of an injunction.

Answer: Denied.

Paragraph No. 50 of the Counterclaim: AirPro Diagnostics is entitled to recover from Repairify/CDS the damages Repairify/CDS's unfair trade practices have caused AirPro Diagnostics, including attorneys'

fees and costs it has sustained and will sustain, and any gains, profits and advantages obtained by Repairify/CDS as a result of its acts of false advertising and deceptive and unfair practices as alleged above. At present, the amount of such damages, gains, profits, and advantages is conservatively estimated to be in excess of $10,000,000.00, but the exact amount of damages will be established according to proof at trial.

Answer: Denied.

Repairify denies all allegations of the counterclaim to the extent they are not expressly admitted above.

**Affirmative Defenses**

First Affirmative Defense
(Unclean hands)

AirPro's claims, remedies or both are barred by the equitable principle of unclean hands, for the reasons alleged in the complaint.

Second Affirmative Defense
(Set off)

Repairify is entitled to a set off for AirPro's tortious interference with Repairify's employment contracts with Charles Olsen and Wilfredo Rodriguez.

**Attorney's Fees Request**

Repairify has retained the undersigned law firm and is obligated to pay a reasonable fee for the firm's services in this action. Repairify is entitled to an

attorney's fee award against AirPro pursuant to 15 USC § 1117(a) and § 501.2105, Fla. Stat.

SMITH HULSEY & BUSEY


By   /s/ James A. Bolling
       Michael E. Demont
       James A. Bolling

Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

Attorneys for plaintiff, Repairify, Inc.

**Certificate of Service**

I certify that on October 14, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

      /s/ *James A. Bolling*
      Attorney

940585.2