IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REPAIRIFY, INC., doing business
as Collision Diagnostic Services,
a Delaware corporation,

    Plaintiff,

v.                              Case No.: 3:16CV984-J-34JRK

AIRPRO DIAGNOSTICS, LLC, a Florida
limited liability company, CHARLES
OLSEN, and WILFREDO RODRIGUEZ,

    Defendants.
_____/

AIRPRO DIAGNOSTICS, LLC, a Florida
limited liability company,

    Counterclaimant,

v.

REPAIRIFY, INC., doing business as
Collision Diagnostic Services, a
Delaware corporation,

    Counter-Defendant.

_____/

**AIRPRO DIAGNOSTICS, LLC'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT WITH DEMANDS FOR INJUNCTIVE RELIEF AND JURY TRIAL**

Defendant, AirPro Diagnostics, LLC, by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint with Demands for Injunctive Relief and Jury Trial as follows:

1. Without knowledge and therefore denied.

2. Admitted for jurisdictional purposes only, otherwise denied.

3. Admitted for jurisdictional purposes only, otherwise denied.

4. Without knowledge and therefore denied.

5. Admitted for jurisdictional purposes only, otherwise denied.

6. Admitted for jurisdictional purposes only, otherwise denied.

7. Admitted for jurisdictional purposes only, otherwise denied.

8. Admitted for jurisdictional purposes only, otherwise denied.

9. The documents attached as Exhibits 1 and 2 speak for themselves. Without knowledge as to the remainder of this paragraph and therefore the remainder of this paragraph is denied.

10. The document attached as Exhibit 3 speaks for itself. The remainder of this paragraph is admitted.

11. Without knowledge and therefore denied.

12. The document attached as Exhibit 4 speaks for itself. Without knowledge as to the remainder of this paragraph and therefore the remainder of this paragraph is denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

19. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

20. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

21. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## Count One
### (False Advertising in Violation of 15 U.S.C. §§1125, et. Seq. against AirPro)

32. In response to the allegations of paragraphs 1 through 16, 24 and 27 through 31, Defendant AirPro repeats and realleges its previous responses to the foregoing paragraphs.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## Count Two
### (Violation of Florida's Deceptive and Unfair Trade Practices Act § 501.204, *et. Seq.* Fla. Stat. against AirPro)

41. In response to the allegations of paragraphs 1 through 16, 24 and 27 through 31 above, Defendant AirPro repeats and realleges its previous responses to the foregoing paragraphs.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### Count Three
### (Reformation of the Olsen Employment Agreement)

Count Three purports to be a cause of action against Defendant Charles Olsen. Therefore, an answer by Defendant AirPro is not required. However, to the extent Count Three requires an answer by Defendant AirPro, Defendant AirPro specifically denies each allegation of Count Three.

### Count Four
### (Breach of Contract (Non-Compete Provisions as allowed by §542.33 and 542.335, Fla. Stat.) against Olsen)

Count Four purports to be a cause of action against Defendant Charles Olsen. Therefore, an answer by Defendant AirPro is not required. However, to the extent Count Four requires an answer by Defendant AirPro, Defendant AirPro specifically denies each allegation of Count Four.

### Count Five
### (Tortious Interference with Repairify's contractual relationship with Olsen—against AirPro)

63. In response to the allegations of paragraphs 1 through 31, 49 through 57 and 59 through 62, Defendant AirPro repeats and realleges its previous responses to the foregoing paragraphs.

64. Denied.

65. Denied.

66. Denied.

67. Denied. Defendant AirPro specifically denies that Plaintiff has the ability to recover attorneys' fees for this cause of action.

### Count Six
### (Reformation of the Rodriguez Employment Agreement)

Count Six purports to be a cause of action against Defendant Wilfredo Rodriguez. Therefore, an answer by Defendant AirPro is not required. However, to the extent Count Six requires an answer by Defendant AirPro, Defendant AirPro specifically denies each allegation of Count Six.

### Count Seven
### (Breach of Contract (Non-Compete Provisions as allowed by §§542.33 and 542.335, Fla. Stat.) against Rodriguez)

Count Seven purports to be a cause of action against Defendant Wilfredo Rodriguez. Therefore, an answer by Defendant AirPro is not required. However, to the extent Count Seven requires an answer by Defendant AirPro, Defendant AirPro specifically denies each allegation of Count Seven.

### Count Eight
### (Tortious Interference with Repairify's contractual relationship with Rodriguez—against AirPro)

88. In response to the allegations of paragraphs 1 through 17, 24, 31, 69 through 78, and 80 through 87, Defendant AirPro repeats and realleges its previous responses to the foregoing paragraphs.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

**DEMAND FOR ATTORNEYS' FEES AND COSTS**

Defendant, AirPro Diagnostics, LLC, has retained the undersigned attorneys to represent it in this matter and is obligated to pay them a reasonable fee. Defendant, AirPro Diagnostics, LLC, is entitled to recover its attorneys' fees and costs from the Plaintiff in this matter.

**AFFIRMATIVE DEFENSES**

Defendant, AirPro Diagnostics, LLC, by and through its undersigned attorneys and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby submits the following Affirmative Defenses to the allegations presented in Plaintiff's Complaint:

**First Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief may be granted as a matter of law.

**Second Affirmative Defense**

Plaintiff's claims are barred to the extent the statements that Plaintiff complains of constitute nothing more than mere opinions and/or puffery.

### Third Affirmative Defense

Plaintiff's purported claims are barred in whole or in part because Plaintiff itself has unclean hands as described in the Counterclaim.

### Fourth Affirmative Defense

To the extent Defendant is found to be at fault (which such fault is expressly denied), Plaintiff's claims are barred by the doctrine of *in pari delicto* because Plaintiff is equally at fault by making false and materially misleading statements and advertisements as described in the Counterclaim.

### Fifth Affirmative Defense

Plaintiff's claims are barred because Plaintiff has not suffered an injury.

### Sixth Affirmative Defense

Plaintiff's claims under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") are barred because Plaintiff cannot demonstrate that it has actual damages as is necessary to recover on a claim under FDUTPA.

### Seventh Affirmative Defense

Plaintiff's tort claims are barred to the extent the actions of Defendant of which Plaintiff complains were legal in and of themselves.

### Eighth Affirmative Defense

Plaintiff's tort claims are barred because Defendant did not owe a duty to Plaintiff and Defendant is entitled to conduct its business and legal affairs in the manner it determined to be in its own best interests without regard to the effects on Plaintiff.

### Ninth Affirmative Defense

Plaintiff's tort claims are barred because the alleged contract between Plaintiff and Defendant Olsen was terminable at will.

### Tenth Affirmative Defense

Plaintiff's tort claims are barred because AirPro did not interfere with the alleged contract between Plaintiff and Defendant Olsen. Plaintiff terminated Defendant Olsen before AirPro had contact with Defendant Olsen regarding employment.

### Eleventh Affirmative Defense

Plaintiff's tort claims are barred because AirPro did not know about the alleged agreement between Plaintiff and Defendant Olsen prior to AirPro having any contact with Defendant Olsen regarding employment.

### Demand for Jury Trial

AirPro Diagnostics, LLC, hereby demands a trial by jury on all issues so triable.

**HEEKIN, MALIN & WENZEL, P.A.**

By: /s/ T. Geoffrey Heekin
T. Geoffrey Heekin, Esquire
Florida Bar No. 328448
Primary Email:    gheekin@jax-law.com
Secondary Email:  rwallace@jax-law.com
                  pleadings@jax-law.com
Austin T. Hamilton, Esquire
Florida Bar No. 0099431
Primary Email:    ahamilton@jax-law.com
Secondary Email:  lcohen@jax-law.com
P.O. Box 477
Jacksonville, FL 32201
Telephone No.: 904-355-7000
Facsimile No.: 904-355-0266

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy hereof has been furnished via email transmission on this 21st day of December, 2016, to:

SMITH HULSEY & BUSEY
Michael E. Demont
James A. Bolling
Allan E. Wulbern
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(mdemont@smithhulsey.com)
(jbolling@smithhulsey.com)
(awulbern@smithhulsey.com)

                                   /s/ T. Geoffrey Heekin
                                       Attorney