IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REPAIRIFY, INC., doing business
as Collision Diagnostic Services,
a Delaware corporation,

    Plaintiff,

v.                         Case No.: 3:16CV984-J-34JRK

AIRPRO DIAGNOSTICS, LLC, a Florida
limited liability company, CHARLES
OLSEN, and WILFREDO RODRIGUEZ,

    Defendants.
_____/

## CHARLES OLSEN'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT WITH DEMANDS FOR INJUNCTIVE RELIEF AND JURY TRIAL

Defendant, Charles Olsen, by and through his undersigned counsel, hereby answers Plaintiff's Amended Complaint with Demands for Injunctive Relief and Jury Trial as follows:

    1.    Without knowledge and therefore denied.

    2.    Admitted for jurisdictional purposes only, otherwise denied.

    3.    Admitted for jurisdictional purposes only, otherwise denied.

    4.    Without knowledge and therefore denied.

    5.    Admitted for jurisdictional purposes only, otherwise denied.

6. Admitted for jurisdictional purposes only, otherwise denied.

7. Admitted for jurisdictional purposes only, otherwise denied.

8. Admitted for jurisdictional purposes only, otherwise denied.

9. The documents attached as Exhibits 1 and 2 speak for themselves. Without knowledge as to the remainder of this paragraph and therefore the remainder of this paragraph is denied.

10. The document attached as Exhibit 3 speaks for itself. The remainder of this paragraph is admitted.

11. Without knowledge and therefore denied.

12. The document attached as Exhibit 4 speaks for itself. Without knowledge as to the remainder of this paragraph and therefore the remainder of this paragraph is denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

19. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

20. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

21. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**Count One**
**(False Advertising in Violation of 15 U.S.C. §§1125, et. Seq. against AirPro)**

Count One purports to be a cause of action against only Defendant AirPro. Therefore, an answer by Charles Olsen is not required. However, to the extent Count One requires an answer by Charles Olsen, Charles Olsen specifically denies each allegation of Count One.

## Count Two
### (Violation of Florida's Deceptive and Unfair Trade Practices Act § 501.204, *et. Seq.* Fla. Stat. against AirPro)

Count Two purports to be a cause of action against only Defendant AirPro. Therefore, an answer by Charles Olsen is not required. However, to the extent Count Two requires an answer by Charles Olsen, Charles Olsen specifically denies each allegation of Count Two.

## Count Three
### (Reformation of the Olsen Employment Agreement)

48. In response to the allegations of paragraphs 1 through 9, 17 through 25 and 31, Defendant Olsen repeats and realleges his previous responses to the foregoing paragraphs.

49. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

50. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

51. Denied.

52. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## Count Four
### (Breach of Contract (Non-Compete Provisions as Allowed by §542.33 and 542.335, Fla. Stat.) against Olsen)

58. In response to the allegations of paragraphs 1 through 31 and 49 through 57, Defendant Olsen repeats and realleges his previous responses to the foregoing paragraphs.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## Count Five
### (Tortious Interference with a Contractual Relationship against AirPro)

Count Five purports to be a cause of action against only Defendant AirPro. Therefore, an answer by Charles Olsen is not required. However, to the extent Count Five requires an answer by Charles Olsen, Charles Olsen specifically denies each allegation of Count Five.

## Count Six
### (Reformation of the Rodriguez Employment Agreement)

Count Six purports to be a cause of action against Defendant Wilfredo Rodriguez. Therefore, an answer by Charles Olsen is not required. However, to the extent Count Six requires an answer by Charles Olsen, Charles Olsen specifically denies each allegation of Count Six.

## Count Seven
### (Breach of Contract (Non-Compete Provisions as Allowed by §§542.33 and 542.335, Fla. Stat.) against Rodriguez)

Count Seven purports to be a cause of action against Defendant Wilfredo Rodriguez. Therefore, an answer by Charles Olsen is not required. However, to the extent Count Seven requires an answer by Charles Olsen, Charles Olsen specifically denies each allegation of Count Seven.

## Count Eight
### (Tortious Interference with Repairify's contractual relationship with Rodriguez—against AirPro)

Count Eight purports to be a cause of action against only Defendant AirPro. Therefore, an answer by Charles Olsen is not required. To the extent Count Eight requires an answer by Charles Olsen, Charles Olsen specifically denies each allegation of Count Eight.

## **DEMAND FOR ATTORNEYS' FEES AND COSTS**

Defendant, Charles Olsen, has retained the undersigned attorneys to represent him in this matter and is obligated to pay them a reasonable fee. Defendant, Charles Olsen, is entitled to recover his attorneys' fees and costs from the Plaintiff in this matter.

**AFFIRMATIVE DEFENSES**

Defendant, Charles Olsen, by and through his undersigned attorneys and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby submits the following Affirmative Defenses to the allegations presented in Plaintiff's Complaint:

**First Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred because Plaintiff was the first party to materially breach the Employment Agreement for, inter alia, wrongfully terminating Charles Olsen without cause. As a result of Plaintiff's material breach, Plaintiff is not entitled to seek enforcement of the Employment Agreement.

**Third Affirmative Defense**

The Employment Agreement attached as Exhibit "5" to Plaintiff's Complaint (hereinafter the "Employment Agreement"), is unenforceable against Charles Olsen because it is unreasonable and overbroad in scope and duration.

**Fourth Affirmative Defense**

The Employment Agreement attached as Exhibit "5" to Plaintiff's Complaint, is unenforceable against Charles Olsen because it was not an agreement between Plaintiff and Defendant and is thus unenforceable by Plaintiff.

### Fifth Affirmative Defense

The Employment Agreement is unenforceable against Defendant Olsen inasmuch as a material term is missing. In particular, Plaintiff altogether fails to define the term "north Florida" which is a material terms of the Employment Agreement.

### Sixth Affirmative Defense

The Employment Agreement is unenforceable against Defendant Olsen because it is ambiguous as to what is considered "North Florida".

### Seventh Affirmative Defense

The Employment Agreement is unenforceable against Defendant Olsen because it only prohibits Olsen from competing with Plaintiff where Discover Technologies conducts business and Discover Technologies is not a currently active business and therefore does not conduct any business.

### Eighth Affirmative Defense

The Employment Agreement is unenforceable against Defendant Olsen because Defendant AirPro Diagnostics, LLC, does not conduct business with any customers located in northern Florida, and therefore Defendant Olsen is not competing with Plaintiff in north Florida.

### Ninth Affirmative Defense

The Employment Agreement is unenforceable because it is not reasonably necessary to protect the legitimate business interest

8

or interests of Plaintiff. During his short employment with Plaintiff, Defendant Olson did not acquire any confidential information belonging to Plaintiff, and Defendant Olson did not acquire any legitimate business interest of Plaintiff (as defined in Section 542.335, Florida Statutes).

**Tenth Affirmative Defense**

Plaintiff cannot recover against Defendant Olsen because Plaintiff is unable to demonstrate that the information at issue that Defendant Olsen obtained during his employment is considered a trade secret, a legitimate business interest under Florida law, or that all necessary steps were taken to ensure the secrecy of the supposed trade secrets.

**Eleventh Affirmative Defense**

Plaintiff's purported claims are barred in whole or in part because Plaintiff itself has unclean hands. Defendant Olsen was terminated by Plaintiff in retaliation for reporting and raising illegal conduct to Plaintiff's VP of Research and Development. Specifically, in early 2015, Mr. Olsen had reported to Donney Lamey, who at that time was the owner and CEO of Discovery Technology (the company that housed CDS's servers) and who was also a board member of CDS, that Mr. Olsen believed another employee had accessed child pornography on CDS's premises using CDS' computers and network. Although this employee was terminated by CDI, Defendant Olsen was under the impression that

9

CDS had reported the employee to the authorities. However, on November 9 or 10, Defendant Olsen learned that the subject employee had never been reported to the authorities. At that time, Defendant Olsen objected and expressed his outrage to CDI's actions to Plaintiff's VP of Research and Development. Mr. Olsen's employment with Plaintiff was terminated on November 17, 2015.

As a result of Plaintiff's wrongful termination of Defendant Olsen, Plaintiff has unclean hands.

### **Twelfth Affirmative Defense**

Plaintiff's claim for reformation is barred because there was not a mutual mistake of the parties. To the extent there was a mistake, it was a unilateral mistake belonging to Plaintiff only.

### **Demand for Jury Trial**

Defendant, Charles Olsen, hereby demands a trial by jury of all issues so triable.

**HEEKIN, MALIN & WENZEL, P.A.**

By: /s/ T. Geoffrey Heekin
T. Geoffrey Heekin, Esquire
Florida Bar No. 328448
Primary Email:   gheekin@jax-law.com
Secondary Email: rwallace@jax-law.com
                 pleadings@jax-law.com
Austin T. Hamilton, Esquire
Florida Bar No. 0099431
Primary Email:   ahamilton@jax-law.com
Secondary Email: lcohen@jax-law.com
P.O. Box 477
Jacksonville, FL 32201
Telephone No.: 904-355-7000
Facsimile No.: 904-355-0266

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy hereof has been furnished via email transmission on this 21st day of December, 2016, to:

SMITH HULSEY & BUSEY
Michael E. Demont
James A. Bolling
Allan E. Wulbern
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(mdemont@smithhulsey.com)
(jbolling@smithhulsey.com)
(awulbern@smithhulsey.com)

/s/ T. Geoffrey Heekin
    Attorney

11