## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

REPAIRIFY, INC., doing business
as Collision Diagnostic Services,
a Delaware corporation,

    Plaintiff,

v.                                Case No.: 3:16CV984-J-34JRK

AIRPRO DIAGNOSTICS, LLC, a Florida
limited liability company, CHARLES
OLSEN, and WILFREDO RODRIGUEZ,

    Defendants.
_____/

### WILFREDO RODRIGUEZ'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT WITH DEMANDS FOR INJUNCTIVE RELIEF AND JURY TRIAL

Defendant, Wilfredo Rodriguez, by and through his undersigned counsel, hereby answers Plaintiff's Amended Complaint with Demands for Injunctive Relief and Jury Trial as follows:

1. Without knowledge and therefore denied.

2. Admitted for jurisdictional purposes only, otherwise denied.

3. Admitted for jurisdictional purposes only, otherwise denied.

4. Admitted for jurisdictional purposes only, otherwise denied.

5. Admitted for jurisdictional purposes only, otherwise denied.

6. Denied.

7. Admitted for jurisdictional purposes only, otherwise denied.

8. Admitted for jurisdictional purposes only, otherwise denied.

9. The documents attached as Exhibits 1 and 2 speak for themselves. Without knowledge as to the remainder of this paragraph and therefore the remainder of this paragraph is denied.

10. The document attached as Exhibit 3 speaks for itself. Without knowledge as to the remainder of this paragraph and therefore the remainder of this paragraph is denied.

11. Without knowledge and therefore denied.

12. The document attached as Exhibit 4 speaks for itself. Without knowledge as to the remainder of this paragraph and therefore the remainder of this paragraph is denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

19. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

20. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

21. The document attached as Exhibit 5 speaks for itself. The remainder of this paragraph is denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**Count One**
**(False Advertising in Violation of 15 U.S.C. §§1125, et. Seq. against AirPro)**

Count One purports to be a cause of action against only Defendant AirPro. Therefore, an answer by Defendant Rodriguez is not required. However, to the extent Count One requires an

answer by Defendant Rodriguez, Defendant Rodriguez specifically denies each allegation of Count One.

## Count Two
### (Violation of Florida's Deceptive and Unfair Trade Practices Act § 501.204, *et. Seq.* Fla. Stat. against AirPro)

Count Two purports to be a cause of action against only Defendant AirPro. Therefore, an answer by Defendant Rodriguez is not required. However, to the extent Count Two requires an answer by Defendant Rodriguez, Defendant Rodriguez specifically denies each allegation of Count Two.

## Count Three
### (Reformation of the Olsen Employment Agreement)

Count Three purports to be a cause of action against only Defendant Olsen. Therefore, an answer by Defendant Rodriguez is not required. However, to the extent Count Three requires an answer by Defendant Rodriguez, Defendant Rodriguez specifically denies each allegation of Count Three.

## Count Four
### (Breach of Contract (Non-Compete Provisions as Allowed by §542.33 and 542.335, Fla. Stat.) against Olsen)

Count Four purports to be a cause of action against only Defendant Olsen. Therefore, an answer by Defendant Rodriguez is not required. However, to the extent Count Four requires an answer by Defendant Rodriguez, Defendant Rodriguez specifically denies each allegation of Count Four.

## Count Five
### (Tortious Interference with a Contractual Relationship against AirPro)

Count Five purports to be a cause of action against only Defendant AirPro. Therefore, an answer by Defendant Rodriguez is not required. However, to the extent Count Five requires an answer by Defendant Rodriguez, Defendant Rodriguez specifically denies each allegation of Count Five.

## Count Six
### (Reformation of the Rodriguez Employment Agreement)

68. In response to the allegations of paragraphs 1 through 9 and 31, Defendant Rodriguez repeats and realleges his previous responses to the foregoing paragraphs.

69. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

70. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

71. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

72. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

73. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

74. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**Count Seven**
**(Breach of Contract (Non-Compete Provisions as Allowed by §§542.33 and 542.335, Fla. Stat.) against Rodriguez)**

79. In response to the allegations of paragraphs 1 through 16, 24, 31, and 69-78, Defendant Rodriguez repeats and realleges his previous responses to the foregoing paragraphs.

80. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

81. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

82. The document attached as Exhibit 8 speaks for itself. The remainder of this paragraph is denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## Count Eight
### (Tortious Interference with Repairify's contractual relationship with Rodriguez—against AirPro)

Count Eight purports to be a cause of action against only Defendant AirPro. Therefore, an answer by Defendant Rodriguez is not required. To the extent Count Eight requires an answer by Defendant Rodriguez, Defendant Rodriguez specifically denies each allegation of Count Eight.

### DEMAND FOR ATTORNEYS' FEES AND COSTS

Defendant, Wilfredo Rodriguez, has retained the undersigned attorneys to represent him in this matter and is obligated to pay them a reasonable fee for their services rendered herein. Defendant, Wilfredo Rodriguez, is entitled to recover his attorneys' fees and costs from the Plaintiff in this matter.

**AFFIRMATIVE DEFENSES**

Defendant, Wilfredo Rodriguez, by and through his undersigned attorneys and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby submits the following Affirmative Defenses to the allegations presented in Plaintiff's Complaint:

**First Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

The Employment Agreement is unenforceable against Wilfredo Rodriguez because Wilfredo Rodriguez is not an employee of AirPro Diagnostics, LLC, and is therefore not competing with Plaintiff.

**Third Affirmative Defense**

The Employment Agreement attached as Exhibit "8" to Plaintiff's Complaint (hereinafter the "Employment Agreement"), is unenforceable against Wilfredo Rodriguez because it is unreasonable and overbroad in scope and duration. Specifically, a wholesale noncompetition provision prohibiting any competition by Wilfredo Rodriguez with Plaintiff does not constitute a "legitimate business interest" as envisioned by Sections 542.33 and 542.335, Florida Statutes, and the case law interpreting said statutes. A complete prohibition of any competition by

Wilfredo Rodriguez with Plaintiff is simply not permitted by Florida Statutes or the case law interpreting the same.

**Fourth Affirmative Defense**

The Employment Agreement attached as Exhibit "8" to Plaintiff's Complaint, is unenforceable against Wilfredo Rodriguez because it was not an agreement between Plaintiff and Defendant and is thus unenforceable by Plaintiff.

**Fifth Affirmative Defense**

The Employment Agreement is unenforceable against Wilfredo Rodriguez inasmuch as a material term is missing. In particular, Plaintiff altogether fails to define or explain the term "North Florida" which is a material term of the Employment Agreement. For instance, Jacksonville, Duval County, Florida, is located within the Middle District of the United States District Court system; whereas the Panhandle of Florida is located in the Northern District of the United States District Court system in Florida.

**Sixth Affirmative Defense**

The Employment Agreement is unenforceable against Wilfredo Rodriguez because it is ambiguous as to what is considered "North Florida".

**Seventh Affirmative Defense**

The Employment Agreement is unenforceable against Wilfredo Rodriguez because it only prohibits Wilfredo Rodriguez from

competing with Plaintiff where Discover Technologies conducts business and Discover Technologies is not a currently active business and therefore does not conduct any business.

### Eighth Affirmative Defense

The Employment Agreement is unenforceable against Wilfredo Rodriguez because Defendant AirPro Diagnostics, LLC, does not conduct business with any customers located in Northern Florida.

### Ninth Affirmative Defense

The Employment Agreement is unenforceable because it is not reasonably necessary to protect the legitimate business interest or interests of Plaintiff. During his short employment with Plaintiff, Wilfredo Rodriguez did not acquire (and thus is not using) any confidential information belonging to Plaintiff, and Wilfredo Rodriguez did not acquire (and thus is not using) any information which could be protected as a legitimate business interest of Plaintiff (as defined in Section 542.335, Florida Statutes, and the case law interpreting said statutes).

### Tenth Affirmative Defense

Plaintiff cannot recover against Wilfredo Rodriguez because Plaintiff is unable to demonstrate that the information at issue that Wilfredo Rodriguez allegedly obtained during his employment is considered a trade secret, a legitimate business interest under Florida law, or that all necessary steps were taken to ensure the secrecy of the supposed trade secrets.

### Eleventh Affirmative Defense

Plaintiff's purported claims are barred in whole or in part because Plaintiff has unclean hands.

### Twelfth Affirmative Defense

Plaintiff's claim for reformation is barred because there was not a mutual mistake of the parties. To the extent there was a mistake, it was a unilateral mistake belonging to Plaintiff only.

### Demand for Jury Trial

Defendant, Wilfredo Rodriguez, hereby demands a trial by jury of all issues so triable.

**HEEKIN, MALIN & WENZEL, P.A.**

By: /s/ *Austin T. Hamilton*
T. Geoffrey Heekin, Esquire
Florida Bar No. 328448
Primary Email: gheekin@jax-law.com
Secondary Email: rwallace@jax-law.com
pleadings@jax-law.com
Austin T. Hamilton, Esquire
Florida Bar No. 0099431
Primary Email: ahamilton@jax-law.com
Secondary Email: lcohen@jax-law.com
P.O. Box 477
Jacksonville, FL 32201
Telephone No.: 904-355-7000
Facsimile No.: 904-355-0266

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy hereof has been furnished via email transmission on this 3rd day of January, 2017, to:

SMITH HULSEY & BUSEY
Michael E. Demont
James A. Bolling
Allan E. Wulbern
225 Water Street, Suite 1800
Jacksonville, Florida  32202
([mdemont@smithhulsey.com](mailto:mdemont@smithhulsey.com))
([jbolling@smithhulsey.com](mailto:jbolling@smithhulsey.com))
([awulbern@smithhulsey.com](mailto:awulbern@smithhulsey.com))

                                          /s/ Austin T. Hamilton
                                                  Attorney