# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

REPAIRIFY, INC., doing business as Collision
Diagnostic Services, a Delaware corporation,

    Plaintiff,

v.                                                                                 Case No.: 3:16CV984-J-34JRK

AIRPRO DIAGNOSTICS, LLC, a Florida limited
liability company, CHARLES OLSEN, and
WILFREDO RODRIGUEZ,

    Defendants.
_____/

AIRPRO DIAGNOSTICS, LLC, a Florida limited
liability company,

    Counterclaimant,

v.

REPAIRIFY, INC., doing business as Collision
Diagnostic Services, a Delaware corporation,

    Counter-Defendant.
_____/

## DEFENDANT AIRPRO DIAGNOSTICS, LLC'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, Defendant, AirPro Diagnostics, LLC ("AirPro"), by and through its undersigned counsel pursuant to Rule 12(b)(6), of the Federal Rules of Civil Procedure, hereby moves to dismiss Counts I and II of Plaintiff, Repairify, Inc.'s ("Repairify") Second Amended Complaint and in support thereof, states as follows:

1. At the hearing on January 20, 2017, the Court directed both parties to file amended pleadings to specifically plead the claims based upon the Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA") with the same specificity as is required to successfully maintain an action based on fraud.

2. Accordingly, Repairify was to file its Second Amended Complaint by February 13, 2017, and AirPro was to file its response to the Second Amended Complaint by February 28, 2017.

3. It is respectfully submitted that Counts I and II of Repairify's Second Amended Complaint (Doc. 56) are not pled with the requisite specificity and therefore should be dismissed.

4. Specifically, paragraphs 28, 38, 44, and 45 do not contain the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

5. Paragraph 28 is specifically incorporated into Count I. (Doc. 56, ¶32). Although paragraph 28 is not specifically incorporated into Count II, paragraph 43 of Count II substantially reiterates the statements contained in paragraph 28. (Doc. 56, ¶42).

6. For these reasons, and for the reasons expressed in the incorporated Memorandum of Law, AirPro respectfully requests that this Honorable Court enter an order dismissing Counts I and II of Repairify's Second Amended Complaint.

## Memorandum of Law

Rule 9(b) of the Federal Rules of Civil Procedure requires certain causes of action to be plead with particularity. Fed. R. Civ. P. 9(b). A claim based upon the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is a claim that must meet Rule 9(b)'s heightened pleading requirement and must be plead with specificity. See <u>Stires v. Carnival Corp.</u>, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002); <u>D.H.G. Props., LLC v. Ginn Cos., LLC</u>, No. 3:09-cv-735-J-34JRK, 2010 U.S. Dist. LEXIS 140208 (M.D. Fla., Sept. 28, 2010); <u>Sunoptic Techs., LLC v. Integra Luxtec, Inc.</u>, No. 3:08-cv-878-J-16JRK, 2009 U.S. Dist. LEXIS 23836, *5-7 (M.D. Fla., Mar. 18, 2009); <u>WrestleReunion v. Live Nation Tv Holdings, Inc.</u>, No. 8:07-cv-2093-JDW-MSS, 2008 U.S. Dist. LEXIS 61428, *7-8 (M.D. Fla., Aug. 4, 2008); <u>Fla. Digital Network, Inc. v. N. Telecom, Inc.</u>, No. 6:06-cv-889-Orl-31JGG, 2006 U.S. Dist. LEXIS 61983, *14 (M.D. Fla., Aug. 30, 2006).

Pursuant to Rule 9(b), Repairify must "plead the who, what, when, where, and how of the allegedly false statements . . . ." <u>D.H.G. Props., LLC</u>, 2010 U.S. Dist. LEXIS 140208 at *20. Additionally, claims under Rule 9(b) cannot be pled "on information and belief." <u>Id.</u> at *33.

In the instant case, Repairify's Second Amended Complaint is deficient for the following reasons.

**Paragraph 28**

Repairify alleges in paragraph 28 on page 11[1] that "AirPro at a national industry conference in mid-July 2016 contacted existing customers of Repairify and false and/or misleadingly told them that asTech 2 would not be available for six months, in an effort to

---

[1] Repairify also substantially reiterates these statements in paragraph 43, which is contained within Count II. (Doc. 56, ¶ 43).

induce those customers of Repairify to switch to the AirPro Product." This statement is deficient because Repairify fails to identify: 1) where and when the conference took place; 2) who on behalf of AirPro made the statement; 3) when during the conference the statement was made; 4) the names of each person to whom each alleged statement was made; and 5) the name of the existing Repairify customer(s) to whom each such statement was made.

Further, Repairify does not state that the statements were made within the State of Florida, which is crucial to its to FDUTPA claim. This is because FDUTPA applies only to actions that have occurred within the State of Florida. Five for Entm't S.A. v. Rodriguez, 877 F. Supp. 2d 1321, 1330 (S.D. Fla. 2012). Therefore, the location of where specific statements were made must be plead in order to state a cause of action under FDUTPA. Id.

### **Paragraph 38**

Paragraph 38 of the Second Amended Complaint states in part: "A number of customers have already expressed confusion due to these false and/or misleading statements." (Doc. 56, ¶38). However, Repairify does not identify: 1) which statements to which it is referencing; 2) the names of the customers who have expressed confusion; or 3) when, how and to whom (specific names) the customer(s) have expressed confusion.

### **Paragraph 44**

Paragraph 44 of the Second Amended Complaint states in part: "A number of customers have already expressed confusion due to these false statements." (Doc. 56, ¶ 44). However, Repairify does not identify: 1) which statements to which it is referencing; 2) where the statements were made (i.e., whether the statements were made in Florida); 3) the names of the customers who have expressed confusion; or 4) when, how and to whom (specific names) the customer(s) have expressed their confusion.

**Paragraph 45**

In paragraph 45, Repairify alleges: "These statements have the capacity to deceive and <u>on information and belief</u> have deceived, customers of Repairify." (Doc. 56, ¶45 (emphasis added)). However, Repairify does not identify: 1) which statements to which it is referencing; 2) where the statements were made (i.e., whether the statements were made in Florida); or 3) the names of the customers that have been deceived. Additionally, a claim based upon principles of fraud cannot be based upon information and belief. <u>D.H.G. Props., LLC</u>, 2010 U.S. Dist. LEXIS 140208 at *33.

**WHEREFORE**, for the foregoing reasons, Defendant, AirPro Diagnostics, LLC, respectfully requests that this Honorable Court enter an Order dismissing Counts I and II of Plaintiff's Second Amended Complaint; and grant Defendant any and all further relief that this Court deems just and proper.

*Respectfully Submitted,*

**HEEKIN LITIGATION GROUP**

By: /s/ *Austin T. Hamilton*
T. Geoffrey Heekin, Esquire
Florida Bar No. 328448
Primary Email:      gheekin@jax-law.com
Secondary Email:    rmiller@jax-law.com
Austin T. Hamilton, Esquire
Florida Bar No. 0099431
Primary Email:      ahamilton@jax-law.com
Secondary Email:    rwallace@jax-law.com
                    service@jax-law.com
P.O. Box 477
Jacksonville, FL 32201
Telephone No.: 904-355-7000
Facsimile No.: 904-355-0266

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that a copy hereof has been furnished via email transmission on this 28th day of February, 2017, to:

SMITH HULSEY & BUSEY
Michael E. Demont
James A. Bolling
Allan E. Wulbern
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(mdemont@smithhulsey.com)
(jbolling@smithhulsey.com)
(awulbern@smithhulsey.com)

              /s/ Austin T. Hamilton
                Attorney