UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REPAIRIFY, INC.,

    Plaintiff,

v.    Case No. 3:16-CV-984-J-34 JRK

AIRPRO DIAGNOSTICS, LLC, et al.,

    Defendants.

# REPAIRIFY'S MOTION TO DISMISS OR STRIKE
# AS TO COUNT II OF AIRPRO'S AMENDED COUNTERCLAIM

Plaintiff, Repairify, Inc., moves (i) pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss Count II of defendant AirPro Diagnostics, LLC's amended counterclaim (the "Counterclaim;" Doc. 62) or, alternatively, (ii) pursuant to Rule 12(f), Fed.R.Civ.P., to strike paragraphs 30 and 31 of the Counterclaim, and says:

1. At the January 20 hearing, the Court ordered Repairify and AirPro to file amended pleadings that allege misrepresentations in support of a "claim under FDUTPA" with the "specificity" required by Rule 9(b) (transcript, page 73, attached as Exhibit 1). More specifically, the Court required the parties to "plead the [FDUTPA] misrepresentations with specificity," by alleging "the who, what, when, and where of the statements" (transcript, page 74).

2. Count II of the Counterclaim is based on Repairify's alleged violation of FDUTPA. Subparagraphs 25(a) through 25(g) of the Counterclaim

are incorporated into the FDUTPA claim. These subparagraphs include enhanced specificity, which may meet the requirements of Rule 9(a). Repairify does not concede that these allegations are truthful, complete or, in most cases, even actionable.

3. Count II also incorporates paragraphs 30 and 31 of the Counterclaim's general allegations.[1] To the extent AirPro attempts to rely on the allegations in paragraphs 30 and 31(a)–(f) to support a FDUTPA claim (Count II):

    a. Count II should be dismissed because paragraphs 30 and 31 do not allege false statements with Rule 9(a) specificity, or

    b. alternatively, paragraphs 30 and 31 should be stricken pursuant to Rule 12(f) because they are immaterial, impertinent and/or scandalous.

4. Paragraph 31 alleges Repairify made various "false statements concerning AirPro Diagnostics and the AirPro Device" (Counterclaim, para. 31). Such alleged false statements include the following allegations in subparagraphs

---

[1] Paragraph 30 of the Counterclaim alleges:

> Repairify/CDS has taken deliberate actions to try to persuade potential customers not to purchase the AirPro Device. For example, the instant action filed by Repairify/CDS was a deliberate attempt to try to prevent the presence of the AirPro device in the marketplace and an attempt to try to put AirPro Diagnostics out of business.

Paragraph 31 of the Counterclaim alleges:

> Repairify/CDS has also made false statements concerning AirPro Diagnostics and the AirPro Device. Examples of Repairify/CDS's false statements include the following: [allegations in subparagraphs (a) through (f)].

(a) through (f) that do not meet the Court-ordered specificity and otherwise do not state a claim for violation of FDUTPA:

In paragraph 31(a) of the Counterclaim, AirPro alleges that *unidentified* potential customers told AirPro, based on what *unidentified* Repairify agents had said, that "there were concerns that AirPro Diagnostics was infringing on the CDS patent and that AirPro Diagnostics was being sued and would ultimately be out of business" (Counterclaim, para. 31(a)). This subparagraph does not identify "who" either party to the allegedly false statement was. Moreover, the allegedly false statement was made "during the NACE conference in Anaheim, *California*" (Counterclaim, para. 31(a); emphasis added). Because this allegedly false statement was made in California and not Florida, the alleged statement cannot give rise to a FDUTPA claim. *Five for Entertainment S.A. v. Rodriguez*, 877 F.Supp.2d 1321, 1330 (S.D. Fla. 2012) ("FDUTPA applies only to actions that occurred within the state of Florida").

In paragraph 31(b) of the Counterclaim, AirPro alleges that *unidentified* Repairify employees told a Gene Vincent "that there were legal issues between CDS and AirPro Diagnostics and that AirPro Diagnostics would therefore not be around long" (Counterclaim, para. 31(b)). This subparagraph does not identify "who" the Repairify employees were that made the allegedly false statements. Moreover, the allegedly false statements were made "at the NACE conference," which subparagraph 31(a) alleges was "in Anaheim, California" (Counterclaim, para. 31(a)). Because this alleged statement was allegedly made in

3

California and not Florida, the alleged statement cannot give rise to a FDUTPA claim. *Five for Entertainment S.A.*, 877 F.Supp.2d at 1330 ("FDUTPA applies only to actions that occurred within the state of Florida").

In paragraph 31(c) of the Counterclaim, AirPro alleges that an *unidentified* Repairify agent told a Gene Vincent "that there were a lot of legal problems, infringement rights being violated and other big words that went over Gene Vincent's head" (Counterclaim, para. 31(c)). This subparagraph does not (i) identify "who" the Repairify agent was that made the allegedly false statement or (ii) "what" the allegedly false statement was. Moreover, the allegedly false statement was made "at NACE," which subparagraph 31(a) alleges was "in Anaheim, California" (Counterclaim, para. 31(a)). Because this alleged statement was allegedly made in California and not Florida, the alleged statement cannot give rise to a FDUTPA claim. *Five for Entertainment S.A.*, 877 F.Supp.2d at 1330 ("FDUTPA applies only to actions that occurred within the state of Florida").

In paragraph 31(d) of the Counterclaim, AirPro alleges that an *unidentified* Repairify employee allegedly told a Barry Wimbush that "AirPro could not scan 2017 vehicles" (Counterclaim, para. 31(d)). This subparagraph (i) does not identify "who" the Repairify employee was that made the allegedly false statement and (ii) does not allege "when" or "where" such statement was allegedly made by the *unidentified* Repairify employee.

In paragraph 31(e) of the Counterclaim, AirPro alleges that *unidentified* Repairify representatives allegedly told *unidentified* potential

4

customers "that AirPro Diagnostics did not, and could not, use OEM scan tools" (Counterclaim, para. 31(e)). This subparagraph (i) does not identify "who" either party to the allegedly false statement was and (ii) does not allege "when" or "where" the *unidentified* prospective customer allegedly heard the statement by the *unidentified* Repairify representatives. Moreover, the AirPro representatives were made privy to the allegedly false statement "during the SEMA show in Las Vegas" (Counterclaim, para. 31(e)). Because this occurred in Nevada and not Florida, the statement cannot give rise to a FDUTPA claim. *Five for Entertainment S.A.*, 877 F.Supp.2d at 1330 ("FDUTPA applies only to actions that occurred within the state of Florida").

In paragraph 31(f) of the Counterclaim, AirPro alleges that *unidentified* Repairify representatives told *unidentified* potential customers "that the AirPro Device is different from the AsTech Product because the AirPro Device uses after-market scan tools" (Counterclaim, para. 31(f)). This subparagraph does not identify "who" either party to the allegedly false statement was.

5. Paragraph 30 also fails to support a claim under FDUTPA and should at least be stricken for the following reasons. Paragraph 30 alleges that Repairify brought this action "to prevent the presence of the AirPro device in the marketplace" and "to try to put AirPro Diagnostics out of business" (Counterclaim, para. 30). No factual basis for these allegations are provided and they are not attributed to any specified Repairify representative or at any specified

place or time. Moreover, Repairify's filing of this action is protected by the litigation privilege:

> In *Myers v. Hodges,* 53 Fla. 197, 44 So. 357 (1907), this Court recognized the principle of the litigation privilege in Florida, essentially providing legal immunity for actions that occur in judicial proceedings.
>
> * * *
>
> Hence, the rationale upon which we relied in extending the litigation immunity privilege to all tortious causes of action likewise applies to a statutory cause of action: "Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct."
>
> > *Echevarria, McCalla, et al., v. Cole*, 950 So.2d 380, 383 and 384 (Fla. 2007) (quoting *Levin, Middlebrooks v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994)).

6. The litigation privilege applies to statutory claims, including FDUTPA claims:

> The litigation privilege applies across the board to actions in Florida, both to common law causes of action, those initiated pursuant to a statute, or of some other origin. "Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding."
>
> > *Id.* at 384 (litigation privilege bars FDUTPA claims; quoting *Levin*).

7. For these reasons, paragraphs 30 and 31 of the Counterclaim, which AirPro incorporates into AirPro's FDUTPA claim (Count II), cannot support a FDUTPA claim. Accordingly:

    a. AirPro's FDUTPA claim (Count II) should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim or

    b. alternatively, paragraphs 30 and 31 of the Counterclaim should be stricken pursuant to Rule 12(f) because those paragraphs are immaterial, impertinent and/or scandalous, and violate the litigation privilege.

SMITH HULSEY & BUSEY

By   */s/ James A. Bolling*
    Michael E. Demont
    James A. Bolling

Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

Attorneys for plaintiff, Repairify, Inc.

**<u>Certificate of Service</u>**

I certify that on March 14, 2017, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: None.

*/s/ James A. Bolling*
Attorney

954221.2